IN RE DISQUALIFICATION OF SAFFOLD.

THE STATE OF OHIO *v.* BROWN.

[Cite as *In re Disqualification of Saffold* (1996), 77 Ohio St.3d 1238.]

(No. 96–AP–011—Decided February 9, 1996.)

MOYER, C.J.   This affidavit of disqualification was filed by M. Taylor Warren, counsel for defendant, David Brown, seeking the disqualification of Judge Shirley Strickland Saffold from further proceedings in the above-captioned case.

The primary allegation made by affiant in support of his claim of bias and prejudice relates to events that transpired on December 1, 1995, which was scheduled to be the first day of trial.   The transcript from that day's proceedings indicates that, prior to the beginning of trial, Judge Saffold inquired of the affiant as to whether he was registered and authorized to practice law in Ohio.   Affiant responded in the affirmative to both questions, after which Judge Saffold declared a recess.

Affiant then was escorted from the courtroom by police detectives to a conference room where he was told that the judge had checked with the Supreme Court and found that affiant was not licensed to practice law in Ohio.   However, the record indicates that an assistant prosecuting attorney assigned to the case had contacted the Supreme Court regarding affiant's status as an attorney and reported the information he had received to Judge Saffold.   Affiant later was charged with a criminal offense based on having accepted a fee from his client upon representing himself as an attorney, although these charges later were dismissed.   The transcript of the proceedings further indicates that Judge Saffold provided the defendant with an opportunity to obtain another lawyer and discussed with the defendant and his family the procedure for recovering the fee paid to affiant.

Affiant claims that Judge Saffold has a personal bias and prejudice against him as evidenced by her conduct in questioning his admittance to the practice of law in Ohio, her alleged role in his arrest and the charges of theft, and her statements

in open court and before the defendant and his family that affiant was not a lawyer and had stolen money from them.

When contacted by the assistant prosecuting attorney assigned to the underlying case, a member of the Supreme Court staff informed the assistant prosecutor that affiant was not registered with the court for the current registration period and was not in good standing with the court. This information was conveyed to Judge Saffold, who concluded that affiant was not authorized to represent the defendant in the underlying case. Contrary to affiant's assertion that Judge Saffold intentionally embarrassed affiant in open court and arranged to have him arrested on false charges, the transcript reveals that Judge Saffold proceeded in a manner that would minimize any embarrassment to the affiant. Affiant merely was asked about his registration in open court, after which a recess was declared. Conversations with the police detectives and affiant's subsequent arrest took place outside the courtroom. Moreover, the record indicates that Judge Saffold advised the defendant to obtain another attorney to represent him based on her belief at the time that affiant was not licensed to practice law in Ohio. This is contrary to affiant's assertions that Judge Saffold acted intentionally to embarrass affiant in public and "engineered" his arrest.

Pursuant to Rule VI of the Rules for the Government of the Bar of Ohio, affiant is obliged to ensure his compliance with the registration requirements imposed by that rule. See Gov.Bar R. VI(1)(C) and (D). By failing to timely register for the current registration period with the Supreme Court, affiant was solely responsible for creating confusion regarding his authorization to practice law. A judge who acts in good-faith reliance on information provided by this court that a person is not registered as an attorney and is not in good standing with the court, and who takes action to prevent that person from engaging in the practice of law in his or her courtroom, cannot be said to be biased and prejudiced against that attorney as a result of those actions, absent other substantiated disqualifying factors.

Having reviewed the record before me, I cannot conclude that Judge Saffold's actions were the product of any bias or prejudice toward affiant. Accordingly, the affidavit of disqualification is found not well taken and is denied.